Contracts; disputes; default termination; refund of unli-quidated progress payments; excess reprocurement costs award; remand to administrative board. — Plaintiff seeks review under Wunderlich Act standards of a decision of the ASBCA upholding a termination for default in plaintiffs performance of a contract to manufacture ammunition feeders for use on airborne guns. Defendant counterclaims for excess reprocurement costs and refund of unliquidated progress payments. On January 30, 1980 Trial Judge David Schwartz filed a recommended opinion (reported in full at 27 CCF para. 80,147) affirming the Board’s decision, rejecting plaintiffs assertions that Government faults and delays excused plaintiffs failure to meet delivery dates, and finding instead that plaintiffs failure and the consequent default termination were a result of plaintiffs poor management and inefficiency. Thereupon, the trial judge addressed the excess reprocurement costs issue. When plaintiff was terminated the Government reprocured from an experienced producer an improved model of the item at a higher cost per unit than plaintiffs contract price. The contract provided that reprocured items be "similar to those * * * terminated.” The contract also preserved to the Government its common law remedies for breach of contract. The trial judge held that a reprocurement contract not identical with the original contract may provide a basis for computation of excess costs if it is capable of reasonable adjustment. The trial judge agreed with the Board that the *647 reprocurement price was reasonable and similarly agreed with its computation of the excess costs. The assessment was computed as if the items reprocured were identical with those originally contracted, i.e. without improvements. Improvement costs having been eliminated, plaintiff remained liable only for the difference between the original contract price and the price the Government would have had to pay for identical, unimproved items from the new contractor. The trial judge concluded that once it is recognized that adjustments may be made in the actual excess costs of the reprocurement in order to determine what damages were incurred by the default, there is little difference between an award grounded on excess reprocurement costs and damages for contract breach. As interest on an award of excess reprocurement costs is discretionary, the trial judge denied allowance of interest. As to the counterclaim for refund of unliquidated progress payments (a claim not presented to the Board), the trial judge remanded it to the Board for clarification. For the Government to seek to increase the Board’s award by means of the refund claimed would be a forbidden direct appeal of the Board’s decision, as well as invasion of the Board’s exclusive first-instance jurisdiction to determine all disputes under the contract. On May 23, 1980 the court, by order, adopted the recommended decision as the basis for its judgment in this case, held plaintiff not entitled to recover, denied plaintiffs motion for summary judgment, granted defendant’s motion for summary judgment, deferred dismissal of the petition, granted judgment for defendant of $73,531.28, without interest, on its first counterclaim and stayed proceedings on the second counterclaim for 6 months with the case remanded to the ASBCA for determination. On September 26, 1980 defendant filed notice that the decision on remand afforded a satisfactory basis for disposition of the counterclaim and requested entry of judgment. On December 19, 1980 the court ordered that judgment be entered for defendant on its second counterclaim for $100,448.14, together with interest thereon at the rate of 6% per annum from October 6, 1971 until date of payment, with the petition dismissed.